UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR K. JONES                                    CIVIL ACTION

VERSUS                                             NO.  11-1721

ROBERT TANNER, WARDEN                              SECTION "B"(4)

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including

an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant

to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section

2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be

disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

I.      **Factual Background**

The petitioner, Arthur K. Jones ("Jones"), is a convicted inmate incarcerated in the B.B.

"Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On September 12, 2000, Jones was

charged by bill of information in Jefferson Parish Case No. 00-5302 with distribution of cocaine.[3]

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, Bill of Information, No. 00-5302, 9/12/00.

He was later charged in a separate bill of information in Jefferson Parish Case No. 00-5762 with one count of distribution of cocaine and two counts of distribution of cocaine within 1000 feet of a school.[4]

On September 19, 2001, after being found competent to proceed,[5] Jones entered pleas of guilty to each count in both cases.[6]  The Trial Court sentenced Jones that day to serve 15 years in prison at hard labor on each count in both cases, to run concurrently.[7]  Upon the State's filing of a multiple bill, the Trial Court adjudicated Jones to be a second offender.[8]  The Court resentenced Jones on count one in Case No. 00-5762 (distribution of cocaine) to serve 15 years as a second offender, to run concurrently with the other sentences.[9]

Jones's convictions and sentences became final five days later, on September 26, 2001, when he did not move for appeal or for reconsideration of his sentence.  *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914);[10] La. Code Crim. P. art. 13 (weekends

---

[4]St. Rec. Vol. 2 of 3, Bill of Information, No. 00-5762, 10/6/00.

[5]St. Rec. Vol. 1 of 3, Minute Entry, No. 00-5302, 5/31/01; St. Rec. Vol. 2 of 3, Minute Entry, No. 00-5762, 5/31/01.

[6]St. Rec. Vol. 1 of 3, Plea Minutes, No. 00-5302, 9/19/01; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, No. 00-5302, 9/19/01; St. Rec. Vol. 2 of 3, Plea Minutes, No. 00-5762, 9/19/01; Plea Transcript (both), 9/19/01; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, No. 00-5762, 9/19/01.

[7]St. Rec. Vol. 1 of 3, Plea Minutes, No. 00-5302, 9/19/01; St. Rec. Vol. 2 of 3, Plea Minutes, No. 00-5762, 9/19/01; Plea Transcript (both), 9/19/01.

[8]St. Rec. Vol. 2 of 3, Multiple Bill Hearing Minutes, No. 00-5762, 9/19/01; Multiple Bill, No. 00-5762, undated.

[9]*Id.*

[10]The *Cousin* court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).  At the time of *Cousin*, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.

and holidays not counted in periods of less than seven days); *see also*, *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process).

## II.   Procedural Background

After his conviction was final, on October 4, 2001, Jones filed a motion to reconsider his sentence, which was denied by the Trial Court on November 9, 2001.[11]  In the meantime, on October 10, 2001, Jones also filed a writ application to the Louisiana Fifth Circuit seeking review of the multiple offender adjudication.[12]  The appellate court denied the application on October 18, 2001, finding that Jones failed to timely move for an appeal in either case.[13]  The Court further advised that Jones would have to move to reinstate any appeal rights before it could review his sentence.  Jones sought no further review of this order.

Almost one year later, on October 21, 2002, Jones submitted a motion to the Trial Court seeking to be placed in a treatment program and for his early release.[14]  The Trial Court denied the

---

Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[11]St. Rec. Vol. 2 of 3, Motion to Reconsider, 10/4/01; Trial Court Order, No. 00-5762, 11/9/01; St. Rec. Vol. 1 of 3, Trial Court Order, No. 00-5302, 11/9/01.  Jones filed a writ of mandamus in the Louisiana Fifth Circuit on November 13, 2001, seeking a ruling on the motion to reconsider.  Because the Trial Court had already ruled, the Louisiana Fifth Circuit denied the application as moot on November 16, 2001.  St. Rec. Vol. 2 of 3, 5th Cir. Order, 01-KH-1281, 11/16/01.

[12]The record does not contain a copy of this writ application.  The filing date appears on the face of the Court's subsequent order.

[13]St. Rec. Vol. 1 of 3, 5th Cir. Order, 01-KH-1143, 10/18/01.

[14]St. Rec. Vol. 1 of 3, Motion for Treatment Program and Early Release, 10/28/02 (dated 10/21/02).

motion in both cases on November 12, 2002, finding that he was not entitled to relief.[15]  Jones did not seek review of this order.

Over six months later, on May 6, 2003, Jones submitted an application for post-conviction relief to the Trial Court in which he raised the following grounds for relief:[16] (1) the guilty pleas were involuntary where the Trial Court's participation in the negotiations was undue influence; (2) the guilty pleas were not knowing or voluntary where the Trial Court failed to advise him of his constitutional right to a trial by jury; (3) the Trial Court deprived him of due process by preventing him from presenting a defense to the multiple bill; (4) the Trial Court failed to inform him of the allegations in the multiple bill before accepting his admission of guilt; (5) he received ineffective assistance of counsel where counsel failed to file motions, failed to request a preliminary hearing, failed to obtain *Boykin* transcripts from the prior convictions, advised him to stipulate to the multiple bill without proper notice of the prior offenses, and allowed him to be sentenced to concurrent sentences.  In a reasoned decision, the Trial Court denied relief on May 15, 2003, finding no merit in any of the claims.[17]

---

[15]St. Rec. Vol. 1 of 3, Trial Court Order, No. 00-5302, 11/12/02; St. Rec. Vol. 2 of 3, Trial Court Order, No. 00-5762, 11/12/02.

[16]St. Rec. Vol. 1 of 3, Application for Post-Conviction Relief, 5/9/03 (dated 5/6/03).

[17]St. Rec. Vol. 1 of 3, Trial Court Order, 5/15/03.

On June 5, 2003, Jones submitted a motion to the Trial Court seeking correction of an illegally imposed sentence on the multiple bill.[18]  The Trial Court denied the motion as meritless on June 24, 2003.[19]

That same day, Jones filed a writ application with the Louisiana Fifth Circuit seeking review of the Trial Court's May 15, 2003, order denying his application for post-conviction relief.[20]  The Court denied relief on July 9, 2003, finding no error in the Trial Court's order.[21]

Jones submitted a writ application to the Louisiana Supreme Court on August 6, 2003, seeking review of the appellate court's order.[22]  While that writ application was pending, on January 14, 2004, Jones wrote a letter to the Trial Court again asking for his early release.[23]  The Court denied the request on January 26, 2004, as repetitive of a prior motion denied on November 12, 2002.[24]  Jones sought no further review of that order.  Thereafter, on August 20, 2004, the Louisiana Supreme Court denied Jones's pending writ application without stated reasons.[25]

---

[18]St. Rec. Vol. 2 of 3, Motion for Correction of an Illegally Imposed Sentence, No. 00-5762, 6/13/03 (dated 6/5/03).

[19]St. Rec. Vol. 2 of 3, Trial Court Order, No. 00-5762, 6/24/03.

[20]The application is not contained in the state court record.  The date of filing appears on the face of the Court's subsequent order.

[21]St. Rec. Vol. 1 of 3, 5th Cir. Order, 03-KH-741, 7/9/03.

[22]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 03-KH-2335, 8/14/03; *see also*, Amended Writ, 03-KH-2335, 11/13/03; St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2003-KH-2335, 8/14/03 (showing postmark 8/6/03).

[23]St. Rec. Vol. 1 of 3, Letter from Jones, 1/20/04 (dated 1/14/04).

[24]St. Rec. Vol. 1 of 3, Trial Court Order, No. 00-5302, 1/26/04; St. Rec. Vol. 2 of 3, Trial Court Order, No. 00-5762, 1/26/04.

[25]*State ex rel. Jones v. State*, 882 So.2d 580 (La. 2004); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2003-KH-2335, 8/20/04.

Four years later, on August 12, 2008, Jones filed a writ application in the Louisiana Supreme Court seeking reconsideration of his prior *pro se* filed post-conviction writ applications to the Louisiana Fifth Circuit under the holding in *State v. Cordero*, 993 So.2d 203 (La. 2008).[26] Per the *Cordero* procedures, on October 10, 2008, the Court transferred the writ application to the Louisiana Fifth Circuit.[27]

On May 5, 2010, the Louisiana Fifth Circuit denied relief on Jones's *Cordero* review of his prior *pro se* writ applications.[28] Jones thereafter submitted an application to the Louisiana Supreme Court seeking review of that ruling on May 28, 2010.[29] The Louisiana Supreme Court denied the application without stated reasons on June 3, 2011.[30]

## III.   Federal Petition

On July 18, 2011, the clerk of this Court filed Jones's petition for federal habeas corpus relief, in which he raises two claims:[31] (1) his guilty pleas were constitutionally invalid where the Trial Court failed to advise him of his right against self-incrimination; and (2) he was adjudicated a multiple offender without the State filing a written multiple bill.

---

[26]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 08-KH-2327, 9/24/08 (postal metered 8/13/08, dated 8/12/08); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2008-KH-2327, 9/24/08 (showing postal meter 8/13/08). The *Cordero* court addressed the alleged procedural improprieties and summary dismissal without judicial review of *pro se* post-conviction writ applications filed in the Louisiana Fifth Circuit between February 8, 1994 through May 21, 2007.

[27]*State ex rel. Jones v. State*, 993 So.2d 1264 (La. 2008); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2008-KH-2327, 10/10/08. The *Cordero* court directed that writs with questionable review history be transferred to the Louisiana Fifth Circuit for reconsideration.

[28]St. Rec. Vol. 3 of 3, 5th Cir. Order, 08-WR-1043, 5/5/10.

[29]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 10-KH-1347, 6/10/10 (postal metered 6/1/10, dated 5/28/10); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2010-KH-1347, 6/10/10 (showing postal meter 6/1/10).

[30]*State ex rel. Jones v. State*, 63 So.3d 1011 (La. 2011); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2010-KH-1347, 6/3/11.

[31]Rec. Doc. No. 1.

The State filed a response in opposition to Jones's petition alleging that the petition was not timely filed and that the first issue was not exhausted in the state courts.[32]  Jones did not file a traverse to the State's opposition.

## IV.   <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[33] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on June 29, 2011.[34]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State argues that Jones's petition was not timely filed in this Court and the claims otherwise are not completely exhausted.  The Court has reviewed Jones's state court pleadings and finds that both of the claims raised in this federal petition were presented to the

---

[32]Rec. Doc. No. 6.

[33]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[34]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Jones's petition on July 18, 2001, when he paid the filing fee.  Jones's signature on the petition is dated June 29, 2011.  This is the earliest date on which he could have submitted the pleadings to prison officials for mailing to this Court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

Louisiana Supreme Court in the amended writ application filed in No. 2003-KH-2335.[35]  The State's

exhaustion defense should be rejected.

Nevertheless, the record supports the State's conclusion that Jones's petition is not timely

filed.  The Court will address this defense.

## V.    <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his

conviction became final.[36]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  As discussed above,

Jones's conviction was final on September 26, 2001.  Under the plain language of § 2244, Jones had

one year, or until September 26, 2002, to file a timely federal application for habeas corpus relief

and he failed to do so.  Thus, literal application of the statute would bar Jones's § 2254 petition as

of that date unless he is entitled to tolling as provided for by the AEDPA.

---

[35]St. Rec. Vol. 3 of 3, Amended Writ, 03-KH-2335, 9/9/03.  It appears that Jones exhausted the claims in the lower courts through his related requests for production of the bill of information and other documents leading up to the filing of the amended writ application.

[36]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d) (2006).

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122 (motion to withdraw a guilty plea is "other collateral

review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

Furthermore, requests for documents and transcript copies like those filed by the petitioner in the state courts are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, the AEDPA's one-year filing period began to run on September 27, 2001, the day after Jones's conviction was final.  The period ran for seven days, until October 4, 2001, when Jones filed a motion to reconsider his sentence.  That motion remained pending for tolling purposes until December 10, 2001, which was 30 days after the Trial Court denied the motion and he did not seek further review.  The one-year filing period began to run again on December 11, 2001, and did so uninterrupted for another 314 days until October 21, 2002, when Jones signed and submitted a

motion for a treatment program and early release.  That motion remained pending for tolling purposes until December 12, 2002, which was 30 days after the Trial Court ruled and he did not seek further review.

The one-year filing period began to run again on December 13, 2002, and did so for the remaining 44 days, until January 27, 2003,[37] when it expired.  Jones had no other properly filed state post-conviction or other collateral review pending during that time period.

His next such filing was signed and submitted to the Trial Court on May 6, 2003, which was over three months after the AEDPA filing period expired.  However, pleadings filed in the state courts after expiration of the AEDPA filing period do not provide any tolling benefit.  *See Hulsey v. Thaler*, 421 Fed. Appx. 386, 390 (5th Cir. 2011) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

The record also demonstrates that, after Jones concluded state review of his post-conviction claims on August 20, 2004, he made no effort to pursue federal relief and had no other properly filed state post-conviction filings for four years, until August 12, 2008, when he submitted an application to the Louisiana Supreme Court under *Cordero*.  There is no question from this record that Jones allowed well over one year, actually five years, to pass without filing a timely federal habeas petition.

Not only does the record fail to provide a further basis for statutory tolling, but it also demonstrates Jones's own lack of diligence and delay in pursuing his rights for purposes of considering equitable tolling.  The post-AEDPA jurisprudence provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing

---

[37]The last day was Saturday, January 25, 2003, which shifts the ending date to the next business day under both state and federal law.

11

federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999),

*cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis*

*v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling

is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some

extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

In this case, Jones has not presented, and the record does not demonstrate, any basis for

extending the extraordinary remedy of equitable tolling.[38]  There is absolutely no reason apparent

from the record to explain why Jones failed to present his claims to this federal court between

August of 2004 and August of 2008.[39]  The incidents addressed by the Louisiana Supreme Court in

*Cordero* did not prevent Jones from pursuing his federal rights after he exhausted his state court

remedies by August 20, 2004, on the issues now raised in this federal petition.

---

[38]Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland*, 130 S.Ct. at 2574-75 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

[39]The Court recognizes that some courts in this district have applied an 86-day suspension period, from September 1 through November 25, 2005, which was granted by the Chief Judge of this Court following Hurricane Katrina.  *See Hooker v. Cooper*, No. 10-1624, 2011 WL 335606, at *1 (E.D. La. Jan. 31, 2011) (Lemmon, J.) (citing *Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sep. 23, 2008) (Engelhardt, J.) (order adopting Report and Recommendation)); *Barley v. La. Dept. of Corr.*, No. 06-2441, 2009 WL 2872932, at *3 (E.D. La. Sep. 2, 2009) (Feldman, J.) (order adopting Report and Recommendation).  In light of the solid four years, plus the prior year, which passed without any filing by Jones in the state courts, this period does not alter the conclusions reached here.

To receive federal habeas review, Jones needed only to provide the state courts an *opportunity* to address, and if necessary, correct alleged deprivations of federal constitutional rights. 28 U.S.C. § 2254(b)(1)(A); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989); *see also*, *Duncan*, 533 U.S. at 179 ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").  No matter what the depth of review that was given by the Louisiana appellate court, Jones gave each of the state courts an *opportunity* to consider his post-conviction claims, and he was able and entitled to bring those claims in a timely manner to this federal court. Instead, he sat on his rights, now apparently seeking to use the state's process in *Cordero* to somehow revive his right to seek review in this federal court.

As noted above, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief."  *Coleman*, 184 F.3d at 403. It has long been held that "'equity is not intended for those who sleep on their rights.'"  *Id*. (quoting *Fisher*, 174 F.3d at 713 n.11).  Jones's procedural history demonstrates that he did, in fact, sleep on his rights.  The five years of delay accounted for above occurred well before the *Cordero* issues were discovered.  Thus, it cannot be said that *Cordero* impacted his ability to pursue federal review in a timely manner.[40]  Jones's is not

---

[40]The Court also notes that even cursory research reveals that many Louisiana petitioners obtained federal habeas review in this Court <u>before</u> their cases were later addressed under the Louisiana Supreme Court's *Cordero* procedure: Leo Pineyro (Civil Action 02-0626"H"); Antoinette Holmes (Civil Action 02-1509"K"); Zannie Neal (Civil Action 06-8714"A"); Jimmie Sprinkle (Civil Action 05-0298"B"); Jimmie Level Jr. (Civil Action 02-0967"B"); Derrick

entitled to equitable tolling.  His federal petition is time-barred based upon his own lack of diligence in protecting his rights and equitable tolling should not be applied to such a case.

The Court also notes that the United States Fifth Circuit Court of Appeals has not specifically addressed whether *Cordero* warrants tolling or an extension of the one-year AEDPA filing period. In the Eastern District of Louisiana, the matter has been referenced once in *Harris v. Cain*, No. 10-1607, 2011 WL 2690161, at \*4 (E.D. La. 2011) (Lemelle, J.).  In that case, the Magistrate Judge opined in the underlying Report and Recommendation that Harris may be entitled to equitable tolling in light of *Cordero*, and found that the petitioner's federal petition would have been untimely anyway.  The recommendation was that, with or without equitable tolling, the federal petition in that case was untimely.  The District Judge, ruling on objections to the Report and Recommendation, acknowledged the Magistrate Judge's comment and noted that any possible *Cordero* tolling arguably could run from the filing of the initial post-conviction writ until resolution of the writ by the Louisiana Supreme Court after *Cordero* review.  The Court determined, however, that Harris was time-barred regardless of, and without deciding, whether tolling was or should be applied as a result of *Cordero*.

This Court recognizes that the alternative *Cordero* discussion in *Harris* was dicta and was not persuasively resolved.  Nevertheless, the Court notes that the same result would be true in the instant case.  Based on the calculations presented in this Report, Jones allowed more than one year to pass <u>before</u> he even submitted his application for state post-conviction review on May 6, 2003.

---

Estes (Civil Action 06-10867"J"); Johnny Luna (Civil Action 03-3237"M"); Payton Funchess (Civil Action 08-5136 "A"); Thaddeus Johnson (Civil Action 05-3668"A"); James Odoms (Civil Action 06-3059"E"); Donald Muse (Civil Action 03-2551"H"); Anthony Diggs (Civil Action 01-1243"L"); Donald Hensley (Civil Action 07-1423"B"); Gregory Leeming (Civil Action 98-3053"T"); and, Chris Gilkers (Civil Action 05-0841"K").

His petition is, therefore, untimely without regard for any possible tolling attributable to *Cordero* on review of his post-conviction claims now presented in this petition.

Jones's federal petition is deemed filed on June 29, 2011, which was eight and one-half years after the AEDPA filing period expired on January 27, 2003.  Therefore, Jones's federal petition was untimely filed and must be dismissed for that reason.

## VI.   Recommendation

It is therefore **RECOMMENDED** that Arthur K. Jones's petition for issuance of a writ of habeas corpus filed under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[41]

New Orleans, Louisiana, this 12th day of September, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[41]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.