```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**ARTHUR K. JONES**                                          **CIVIL ACTION**

**VERSUS**                                                   **No. 11-1721**

**ROBERT TANNER, WARDER**                                    **SECTION "B"(4)**

## ORDER AND REASONS

Before the Court is Petitioner Arthur K. Jones's ("Petitioner") Objections (Rec. Doc. No. 8) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 7), recommending dismissal with prejudice of Petitioner's habeas corpus petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

**IT IS RECOMMENDED** that the findings of the Magistrate Judge (Rec. Doc. No. 7) are **AFFIRMED,** that Petitioner's application for federal habeas corpus review is **DISMISSED WITH PREJUDICE** as untimely, and that Petitioner's request for issuance of a certificate of appealability is **DENIED.**

## PROCEDURAL HISTORY

Petitioner is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. (Rec. Doc. No. 7 at 1). He was charged by Bill of Information in Jefferson Parish, Case No. 00-5302, with distribution of cocaine. *Id.* He was later charged in a separate Bill of Information in Jefferson Parish, Case No. 00-5762, with one count of distribution of cocaine

and two counts of distribution of cocaine within 1000 feet of a school. *Id.* at 2.

Petitioner entered pleas of guilty on each count in both cases on September 19, 2001, after being found competent to stand trial. *Id.* He was sentenced to fifteen years in prison at hard labor on each count in both cases, to run concurrently. *Id.* Subsequently, the State filed a multiple bill, and the trial court adjudicated Petitioner to be a second offender. *Id.* The trial court re-sentenced Petitioner on count one in Case No. 00-5762 (distribution of cocaine) to serve fifteen years as a second offender, to run concurrently with the other sentences. *Id.*

Petitioner's convictions and sentences became final five days later, on September 26, 2001, when he failed to move for appeal or reconsideration of his sentence. *Id.* at 2, 3 (citing *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002)) (petitioner's guilty pleas became final at the end of the five-day period for filing notice of appeal under LA. CODE. PROC. ANN. art. 914 (2012);[1] *see also*, *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process). After his conviction became final, Petitioner filed for relief in state court on ten separate

---

[1]Acts 2003, No. 949, § 1, LA. CODE CRIM. PROC. ANN. art. 914 (2012), extended the time in which a criminal defendant could move for leave to appeal the final order, or judgment, or the ruling on a timely motion being challenged from five to thirty days.

occasions. (Rec. Doc. No. 7 at 3-6). Petitioner did not file any claims for relief between August 20, 2004 and August 11, 2008. *Id.* at 5, 6. On August 12, 2008, he sought reconsideration of his prior *pro se* filed post-conviction writ applications to the Louisiana Fifth Circuit under the holding in *State v. Cordero*, 993 So.2d 203 (La. 2008).[2] *Id.* at 6.

On July 18, 2011, Petitioner filed, with the Clerk of this Court, the instant petition for federal habeas corpus relief, in which he claims: (1) his guilty pleas were constitutionally invalid where the trial court failed to advise him of his right against self-incrimination; and (2) he was adjudicated as a multiple offender without the State filing a written multiple bill. *Id.*

The State filed a response in opposition to the instant petition, alleging it was not timely filed and that the first issue was not exhausted in state courts. *Id.* at 7. Petitioner did not file a reply to the State's opposition. *Id.*

## CONTENTIONS OF PETITIONER

In his Motion in Opposition (Rec. Doc. No. 8) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 7),

---

[2]In *State v. Cordero*, 993 So.2d 203 (La. 2008), the Louisiana Supreme Court addressed alleged procedural improprieties and summary dismissal without judicial review of pro se post-conviction writ applications filed in the Louisiana Fifth Circuit between February 8, 1994 and May 21, 2007. 993 So.2d 203, 204 (La. 2008) (*per curiam*). The Court remanded to the Louisiana Fifth Circuit for reconsideration *pro se* writ applications submitted between the abovementioned dates. *Id.*

Petitioner contends he is entitled to federal habeas corpus relief for the following reasons: (1) the one-year statute of limitations set forth in 28 U.S.C. § 22444(d) has not run; and (2) his guilty pleas were invalid because he was not advised of his right against self-incrimination, and because the State adjudicated him a multiple offender without filing a written multiple offender bill. (Rec. Doc. No. 8 at 5, 10). Additionally, Petitioner requests a certificate of appealability. *Id.* at 10.

### CONTENTION OF RESPONDENT

The State did not file a response to Petitioner's Objections to the Magistrate's Report and Recommendation.

### LAW AND ANALYSIS

**A. Standard of Review**

Petitioner's original writ for federal habeas corpus review under 28 U.S.C. § 2254 was filed with this Court on June 29, 2011. As this is after the effective date for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applicable to habeas corpus petitions, the instant petition is governed by § 2254 as amended by the AEDPA. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998)(*citing Lindh v. Murphy*, 521 U.S. 320 (1997)).

The AEDPA restricts the time-period for filing a federal habeas corpus action to one year from the date the conviction became final. 28 U.S.C. § 2244(d)(1); *see also Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As noted above, Petitioner's

4

conviction became final on September 26, 2001.

**B. Timeliness of Habeas Petition**

The Magistrate Judge found that Petitioner exhausted both claims in his federal habeas petition in the State court system. (Rec. Doc. No. 7 at 8). However, the Magistrate Judge did not consider the merits of Petitioner's claims, finding that Petitioner did not timely file his federal habeas petition. *Id.* Under § 2244(d)(1)(A), a petitioner must bring his federal habeas claim within one year of the date his conviction became final.[3] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).

In the instant case, the AEDPA's one-year filing period began to run on September 27, 2001, the day after Jones's conviction became final. *See Flanagan*, 154 F.3d 196, 200 (1998) (affirming that Fed. R. Civ. P. 6(a) applies to federal statutory limitation periods). Accordingly, Petitioner had until September 27, 2002, to file his federal habeas claims, unless the limitation period was

---

[3]Petitioner claims he was unable to exhaust his State remedies because of the Louisiana Fifth Circuit's handling of *pro se* writ applications prior to *State v. Cordero*, 993 So.2d 203 (La. 2008). (Rec. Doc. No. 8 at 9). However, a petitioner need only give each of the state courts an *opportunity* to review his claims. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989). Despite the depth of that review, Petitioner was able and entitled to bring a federal petition. (Rec. Doc. No. 7 at 13). Thus, the Magistrate correctly concluded that Petitioner exhausted his State court remedies by August 20, 2004, and was not prevented from bringing a federal claim. *Id.* at 12. Thus, Section 2244(d)(1)(B), providing a one-year period of limitation for federal habeas corpus applications, is inapplicable here.

extended by statutory or equitable tolling.

### 1. Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for post-conviction or other collateral review, with respect to the pertinent judgment or claim that is pending, shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2) (2006). A matter remains "pending" for tolling purposes until "further appellate review [is] unavailable under Louisiana's procedures." *Williams v. Cain*, 217 F.3d 303, 310 (5th Cir. 2000) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)).

The phrase "other collateral review" refers to State court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. (Rec. Doc. No. 9 at 9) (citing *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000)); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122)). The phrase "pertinent judgment or claim" requires that the State filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas petition and must have addressed the same substantive claim. (Rec. Doc. No. 7 at 10) (citing *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005)).

In this case, the statute of limitations ran for seven days, until Petitioner filed a motion to reconsider his sentence on

October 4, 2001.[4] (Rec. Doc. No. 7 at 10). That motion remained pending, suspending the one-year filing period, until December 10, 2001, thirty days after the trial court denied the motion and Petitioner did not seek further review. *Id.* On December 11, 2001, the one-year filing period began to run again and did so uninterrupted for 314 days until October 21, 2002, when Petitioner submitted a motion for a treatment program and early release.[5] *Id.* at 10, 11. That motion remained pending for tolling purposes until December 12, 2002, thirty days after the trial court ruled and Petitioner sought no further review. *Id.* at 11.

On December 12, 2002, the one-year filing period began to run again, and did so for the forty-four days remaining until it expired on January 27, 2003.[6] *Id.* No other filings were made until May 6, 2003. *Id.* However, pleadings filed after the expiration of the one-year filing period have no tolling effect. *Hulsey v. Thaler*, 421 Fed. Appx. 386, 390 (5th Cir. 2011). After Petitioner concluded all of his claims for state post-conviction relief on August 20, 2004, he made no further effort to pursue federal or state relief for *four* years. (Rec. Doc. No. 7 at 11).

---

[4]Petitioner had 358 days remaining under the AEDPA's one-year filing period.

[5]By October 21, 2002, only 44 days of Petitioner's one-year filing period remained.

[6]The last day was Saturday, January 25, 2003, which shifts the ending date to the next business day under Fed. R. Civ. P. 6(a)(1)(C).

This notwithstanding, the Magistrate Judge, out of an abundance of caution, also considered whether *Cordero* warrants an extension of the one-year filing period in favor of Petitioner. *Id.* at 14. This issue has not been addressed specifically by the United States Fifth Circuit Court of Appeals. *Id.* However, such a ruling would not change the result of the instant case. *Id.* Petitioner allowed more than one year to pass before he submitted his application for state post-conviction review on May 6, 2003.[7] *Id.*

**1. Equitable Tolling**

The Supreme Court held in *Holland v. Florida*, 130 S. Ct. 2549 (2010), that the AEDPA's one-year filing period may be subject to equitable tolling. 130 S. Ct. at 2560 (2010). Equitable tolling is only warranted where: (1) the petitioner has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Petitioner has not proven either of the elements necessary for equitable tolling to be applicable to his claims. First, the five-year lapse in time during which Petitioner did not seek to file a federal habeas petition demonstrates a lack of diligence in asserting his rights. (Rec. Doc. No. 7 at 11). Second, although Petitioner alleges that the decision in *Cordero* impeded

---

[7]Because Petitioner's application for a writ of habeas corpus is time-barred, this Court need not address the second claim in Petitioner's Objections. *See Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 485 (5th Cir. 2008) (declining to address other issues after finding the petitioner's filing to be untimely).

his ability to exhaust his rights, the Magistrate Judge acknowledged that Petitioner had exhausted his remedies at the State level. *Id.* at 8. Moreover, as noted above, Petitioner allowed one year to pass before *Cordero* was decided. (*See* foot note 3).

Petitioner notes in his Objections that he is a *pro se* litigant with no formal legal training. (Rec. Doc. No. 8 at 3). However, ignorance of the law, even for *pro se* litigants, generally does not excuse untimely filing. *Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 486 (5th Cir. 2008). Additionally, the lack of legal counsel does not constitute an "exceptional circumstance" that would entitle Petitioner to equitable tolling. *Id*. Thus, the one-year limitation period in the instant case expired as of January 27, 2003. Further, Petitioner has demonstrated the ability to access the courts, on multiple occasions as documented above, in order to present claims for relief.

**C. Issuance of Certificate of Appealability**

Petitioner requests that this Court grant a certificate of appealability ("COA"). (Rec. Doc. No. 8 at 10). A COA may issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). With respect to a procedural ruling denying a federal habeas petition, *i.e.*, dismissal for untimeliness, Petitioner must show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Johnson v. Quarterman*, 483 F.3d

278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A district court may deny a COA without further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Here, reasonable jurists would not find the procedural ruling–that Petitioner's federal habeas application is time-barred–to be debatable. *See Thomas v. Tanner*, No. 10-1795, 2011 U.S. Dist. LEXIS 104272 at *3 (E.D. La. Sept. 15, 2011) (Vance, C.J.). The record unequivocally demonstrates that the instant federal habeas corpus petition was untimely filed. The Magistrate Judge, in her Report and Recommendation, did not err in calculating the time that lapsed under the AEDPA's one-year filing period before Petitioner brought his federal claim, so this issue is not debatable. (Rec. Doc. No. 7 at 10-11).

## CONCLUSION

Accordingly, **IT IS ORDERED** that the findings of the Magistrate Judge (Rec. Doc. No. 7) are **AFFIRMED,** that Petitioner's application for federal habeas corpus review is **DISMISSED WITH PREJUDICE** as

untimely, and that Petitioner's request for issuance of a certificate of appealability is **DENIED**.

New Orleans, Louisiana, this 23rd day of May, 2012.

 _____
 UNITED STATES DISTRICT JUDGE